952 A.2d 1025

IN THE MATTER OF HENRY A. WALSH, JR., AN ATTORNEY AT LAW.

July 23, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–018 and DRB 08–049, concluding on the record before the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **HENRY A. WALSH, JR., of LAKEWOOD,** who was admitted to the bar of this State in 1993, should be suspended from the practice of law for a period of six months for violation of *RPC* 1.4(b) (failure to communicate with client) and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities) (DRB 08–018), and suspended for a consecutive period of three months for violation of *RPC* 5.5(a)(1) (practicing law while ineligible) (DRB 08–049);

And the Disciplinary Review Board having determined further that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **HENRY A. WALSH, JR.,** be suspended from the practice of law for a period six months for his unethical conduct in DRB 08–018, effective August 21, 2008, and suspended from practice for a period of three months for his unethical conduct in DRB 08–049, effective February 21, 2009, and until the further of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(13)(15) may. (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter ·be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.